No. 21,913.

MILLS G. VORIS, *Appellant*, v. THE BOARD OF COUNTY COMMIS-
SIONERS OF COWLEY COUNTY, *Appellee.*

SYLLABUS BY THE COURT.

FEES AND SALARIES—*Compensation of Register of Deeds—Stated Salary—
Share of Excess Fees Collected.* The statute providing that when the
fees collected by a register of deeds for any quarter shall exceed the
salary and clerk hire theretofore provided, he shall receive as clerk
hire a further amount equal to one-half such excess, is interpreted, in
view of other provisions of the statute, as requiring the register's
personal compensation to be increased by the amount indicated, irre-
spective of whether additional clerical help was used.

Appeal from Cowley district court; OLIVER P. FULLER, judge.
Opinion filed December 7, 1918. Reversed.

*W. P. Hackney, L. D. Moore, C. W. Roberts, Grant Stafford,*
all of Winfield, *Otis Hungate,* and *Paul H. Heinz,* both of
Topeka, for the appellant.

*James A. McDermott,* and *Harold W. Herrick,* both of Win-
field, for the appellee.

The opinion of the court was delivered by

MASON, J.: The register of deeds of Cowley county (which
has from 30,000 to 35,000 population) brought an action to
recover from the county the sum of $1,545.53, which he claimed
to be due him under the statute fixing his compensation as such
officer, for his services during the year 1917. His claim was
held not to be well founded, and he appeals.

In each quarter of the year the county paid the plaintiff $500,
and paid his deputy $200. It was not shown that he had any
other clerical assistance, and the presumption is that he did
not. In each quarter the fees collected exceeded $700, and the
plaintiff contends that he is entitled to be paid by the county a
sum equal to one-half of such excess. The correctness of his
contention depends upon the interpretation put upon the itali-
cised words in the section of the statute reading as follows:

"The register of deeds of the several counties of the state shall receive
the following salaries per annum to be paid by the board of county com-

Voris v. Cowley County.

missioners of their respective counties for all services required of them by any law of the state: In counties having a population of 2,000 and under, $600.00; provided, however, that in counties having a population of 2,000 or less, the county commissioners may in their discretion pay in addition to the sum of $600.00 an additional sum not to exceed $300.00 for the services of such register of deeds. In counties having a population of

|  |  |  | Per annum |
|---|---|---|---|
| more than | 2,000 and not more than | 3,000 | $900.00 |
| more than | 3,000 and not more than | 5,000 | 1,100.00 |
| more than | 5,000 and not more than | 10,000 | 1,200.00 |
| more than | 10,000 and not more than | 15,000 | 1,400.00 |

When the fees in any one quarter exceed $350.00, the register of deeds may retain one-half such excess fees.

|  |  |  | Per annum |
|---|---|---|---|
| more than | 15,000 and not more than | 20,000 | $1,500.00 |
| more than | 20,000 and not more than | 25,000 | 1,600.00 |
| more than | 25,000 and not more than | 30,000 | 1,800.00 |
| more than | 30,000 and not more than | 35,000 | 2,000.00 |
| more than | 35,000 and not more than | 45,000 | 2,200.00 |
| more than | 45,000 and not more than | 60,000 | 2,400.00 |
| more than | 60,000 and not more than | 70,000 | 2,800.00 |
| more than | 70,000 and not more than | 90,000 | 3,000.00 |

The register of deeds may be allowed for clerk hire in their respective counties: In counties having

|  |  |  | Per annum |
|---|---|---|---|
| more than | 6,000 and not more than | 15,000 | $300.00 |
| more than | 15,000 and not more than | 20,000 | 500.00 |
| more than | 20,000 and not more than | 25,000 | 600.00 |
| more than | 25,000 and not more than | 30,000 | 720.00 |
| more than | 30,000 and not more than | 35,000 | 800.00 |
| more than | 35,000 and not more than | 45,000 | 900.00 |
| more than | 45,000 and not more than | 60,000 | 1,200.00 |
| more than | 60,000 and not more than | 90,000 | 2,000.00 |

*Provided, that whenever the fees collected by the register of deeds and paid over to the county treasurer for any quarter exceed the amount of salary and clerk hire paid to such register of deeds for the quarter, said register of deeds shall receive as clerk hire in addition to the clerk hire heretofore provided an amount equal to one-half of such excess;* and provided, that when in counties having more than 15,000 and not more than 20,000 inhabitants the fees collected in any one quarter shall exceed the sum of $525.00; and in counties having more than 20,000 and not more than 25,000 the fees collected in any one quarter shall exceed the sum of $550.00; and in counties having more than 25,000 and not more than 30,000 the fees collected in any one quarter shall exceed the sum of $630.00; and in counties having more than 30,000 and not more than 35,000 the fees collected in any one quarter shall exceed the sum of $700.00; and in counties having more than 35,000 and less than 45,000 the fees collected in any one quarter shall exceed the sum of $775.00; and in counties having more than 45,000 and not more than 50,000 the fees collected in any one quarter shall exceed the sum of $900.00; then in any

of such counties the register of deeds is hereby authorized by and with the consent of the board of county commissioners to expend as additional clerk hire so much of the money actually received by him in excess of the sums herein set forth as may be necessary to properly transact the business of his office in such county." (Laws 1917, ch. 193, § 1.)

The plaintiff puts stress upon the word "shall," used unconditionally and without qualification, especially as contrasted with the expressions elsewhere found in the section which are plainly intended to lodge a discretion with the commissioners, and also upon the phrase "said register of deeds shall *receive*," as indicating that the additional amount goes to him and not to an additional clerk; he argues that he is entitled to receive an additional sum equal to one-half of the fees collected in each quarter in excess of the amount paid by the county for his salary and clerk hire, and that he is entitled to retain the money himself whether or not he employs any additional help, the county having no concern as to who does the work, so long as the records are properly kept.

The defendant puts the stress upon the phrase "as clerk hire," especially as contrasted with the clause relating to counties of not more than 15,000 population, permitting the register of deeds to "retain" one-half of the fees collected in one quarter in excess of $350; it argues that, even granting that the commissioners must necessarily appropriate to additional clerk hire one-half of the sum by which the fees collected exceed the quarterly salary and clerk hire already provided for, the county can only be required to pay out the money to one who has been employed to render the needed services, and who has actually rendered them. In support of this view the defendant invokes another statute reading as follows:

"That whenever the county commissioners of any county in the state of Kansas shall allow any sum of money to any county officer for clerk-hire or for an assistant in his office, the said sum so allowed shall be available for the payment of any such clerk-hire or assistance, upon itemized and verified vouchers presented by the clerk or assistant employed in such office, and such voucher shall be approved by the county officer in whose office such clerical work or assistance is performed. All payments made on account of such voucher shall be made directly to the clerk or assistant performing such services, and in no case shall any part of the moneys so allowed by the county commissioners be paid to the county officer in whose office such work or assistance is performed." (Gen. Stat. 1915, § 2584.)

Various decisions are cited in the briefs as bearing on the question so presented, but we do not regard the statutes which they interpret as sufficiently like the one under consideration to make it desirable to review them, although a quotation from *The United States v. Dickson*, 40 U. S. 141, in *Cloud Co. v. Ott*, 99 Kan. 216, 220, 161 Pac. 629, has a tendency to sustain the view urged by the plaintiff. The language of the part of the statute the meaning of which is in dispute is quite ambiguous, but the court is of the opinion that it should be construed in the light of the evident general policy of the section taken as a whole, to grade the personal compensation of the officer, not alone by the actual labor he performs, but also by the extent of responsibility he assumes, as measured by the volume of business transacted—a policy the fairness of which is obvious. Giving weight to this purpose, the court concludes that the meaning of the italicised language is, that where the fees collected in any one quarter exceed the $500 quarterly salary of the register and the $200 allowed as clerk hire, the officer is to receive for his own benefit one-half of the excess, the phrase "as clerk hire" meaning in the nature of clerk hire, or in lieu of clerk hire, implying merely that if an additional clerk is employed he must be paid by the register. This interpretation having been placed upon the words directly in dispute, the final clause of the section supplements it by providing that while one-half of the excess fees shall in any event inure to the personal benefit of the register, the commissioners may in their discretion allow any part of the remainder which they see fit to be used for the employment of additional clerical help.

The decision is reversed and the cause remanded with directions to render judgment for the plaintiff.

MASON, J. (dissenting) : I recognize the obscurity of the language used, but to me the more natural interpretation seems to be that the commissioners must permit the register to employ additional help at the cost of the county to the amount of half the excess fees, and may in their discretion allow a further sum for such additional help, up to the full amount of the excess.

JOHNSTON, C. J., joins in the dissent.