No. 23,004.

ZELLA LAMB, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BUTLER, *Appellant.*

### SYLLABUS BY THE COURT.

1. APPEAL—*Only Matters Passed Upon by Trial Court Are Reviewable on Appeal.* The chief question touching the defense herein being under the circumstances nonappealable, *held*, unnecessary to consider or determine certain subsidiary questions presented.

2. SAME. Here for the first time the question of the passage of the statutory amendment under which the action was brought is presented. *Held*, that this court, sitting as an appellate tribunal, cannot consider alleged errors of the trial court in respect to which such trial court has had no opportunity to act.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed April 9, 1921. Affirmed.

*A. F. Williams,* county attorney, *Stanley Taylor,* deputy county attorney, *T. A. Kramer,* and *George J. Benson,* both of El Dorado, for the appellant.

*A. L. L. Hamilton,* and *J. B. McKay,* both of El Dorado, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff, a former register of deeds, sued Butler county for $4,172, one-half of the excess amount collected and paid over to the county treasurer during her incum-

bency. The action was brought under chapter 193 of the Session Laws of 1917, and is a companion case to *Voris v. Cowley County,* 103 Kan. 876, 176 Pac. 976.

The answer alleged that the plaintiff had not filed any claim for clerk hire actually expended or contracted by her which was not allowed and paid by the defendant and that she had not given the defendant the opportunity of making payment for any extra clerk hire which was reasonably necessary in conducting the business of the office, and that defendant was ready and willing to pay any reasonable amount for additional clerk hire, no claim therefor having been made. To this portion of the answer the plaintiff demurred and the demurrer was sustained, and from this ruling the defendant appeals.

Now, for the first time, the defense is sought to be made that the statute in question was never passed, and a very careful and extended argument, with numerous citations from the legislative journals is presented. It is also argued that even if the act were lawfully passed the decision in the Voris case was wrong.

Three questions are presented: First, will this sort of defense be considered now for the first time, the defendant's theory being that we should deem the answer amended so as to cover this point; second, if such defense be considered, do the legislative journals conclusively show that the amendment under which the claim was made was never enacted; and third, is the Voris decision to be departed from?

We are satisfied with the result reached in the case last cited, and are not disposed to make any change therein.

In view of what is about to be said we will not consider or determine whether the amendment involved was duly passed by the legislature.

The case turned on the demurrer to the defendant's answer, and a scrutiny of the pleadings shows that the point now presented was not even hinted at in the court below.. This is an appellate court, save in respect to the three kinds of original proceedings which under the constitution may be brought here. (Kan. Const. art. 3, § 3; Gen. Stat. 1915, § 2926.) Hence, it must follow in principle that we have no right to sit as a trial court in matters outside our original jurisdiction. Our mission in appeal cases is to find whether or not any material

Zahn v. Ottawa County.

error has been committed by the trial court in the order or judgment it has made, and how can a trial court make an order or render a judgment in a matter never presented or called to its attention? And how can we say that it has erred when it has not acted? So, too, run the authorities. (*Byington v. Comm'rs of Saline Co.*, 37 Kan. 654, 16 Pac. 105; *Board of Education v. Jacobus*, 83 Kan. 778, 112 Pac. 612; *Dreisbach v. Spring*, 93 Kan. 240, 144 Pac. 195; *Watson v. Watson*, 104 Kan. 578, 581, Syl. ¶ 4, 180 Pac. 242, 182 Pac. 643.)

The judgment is affirmed.