No. 22,953.

NELLE BARRETT, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MONTGOMERY, *Appellee*.

SYLLABUS BY THE COURT.

1. FEES AND SALARIES—*Compensation of Register of Deeds—Entitled to One-half of Certain Excess Fees.* After the expiration of her term of office as register of deeds, the plaintiff brought suit against the county to recover one-half the excess fees of the office under the provisions of chapter 193 of the Session Laws of 1917. The court gave judgment in her favor for part of her claim, but deducted from her half of the excess fees $1,245.50, which had been paid for additional clerk hire. It was shown that the county board exercised its discretion and employed these additional clerks, who were paid on verified bills presented by them to the county clerk and allowed by the board. *Held,* following *Voris v. Cowley County,* 103 Kan. 876, 176 Pac. 976, plaintiff was entitled to one-half the excess fees and it was error to deduct the amount paid by the county for clerk hire.

2. SAME—*Payment of Monthly Salary—No Splitting of Cause of Action —No Waiver of Excess Fees.* Plaintiff presented her claim each month for the amount of her salary and made no claim for excess fees until after her term of office expired. *Held,* that in doing so she was not splitting her cause of action because her right to excess fees was in no sense involved in the monthly settlement for salary.

3. SAME—*Chapter 198, Laws of 1919, Cannot Be Given a Retroactive Effect—Vested Rights.* At the expiration of plaintiff's term of office she had a vested right to one-half the excess fees as provided by the act then in force, and the enactment of chapter 198, Laws of 1919, providing that "if any register of deeds has collected fees allowed as clerk hire under the present law, such amount shall be deducted from any salary claimed under this act, and a cause of action shall accrue to the county for the recovery of such fees if the officer is out of office," cannot be given a retroactive effect so as to deprive her of vested rights.

Appeal from Montgomery district court; JOSEPH W. HOL-
DREN, judge. Opinion filed November 12, 1921. Reversed.

*Claud J. Bryant,* and *S. H. Piper,* both óf Independence, for
the appellant.

*Donald W. Stewart,* county attorney, and *Orin Slonaker,* as-
sistant county attorney, for the appellee; *Alfred G. Armstrong,*
of Independence, of counsel.

The opinion of the court was delivered by

PORTER, J.: During the year 1917-'18 Nelle Barrett held the
office of register of deeds in Montgomery county. After the
expiration of her term she brought this action against the
county to recover one-half the excess fees of the office, under
the provisions of chapter 193 of the Session Laws of 1917.
The court gave judgment in her favor in the sum of $1,896.30,
but deducted from her half of the excess fees the sum of
$1,245.50 which had been paid for additional clerk hire. Claim-
ing that this ruling of the court was erroneous, she brings the
case here for review.

The case was submitted to the trial court substantially upon
an agreed statement of facts. The amount plaintiff was en-
titled to recover depends upon the construction of certain lan-
guage in the last clause of section 1 of the act of 1917. The
language was construed in *Voris v. Cowley County,* 103 Kan.
876, 176 Pac. ·976. The provision is in substance that when-
ever the fees collected by the register of deeds and paid over
to the county treasurer for any quarter exceed the amount of
salary and clerk hire paid to him for the quarter, he shall re-
ceive "as clerk hire in addition to the clerk hire heretofore
provided an amount equal to one-half of such excess." In the
opinion in the Voris case this language was held to be "quite
ambiguous," but because of the "evident general policy of the
section taken as a whole, to grade the personal compensation
of the officer, not alone by the actual labor he performs, but
also by the extent of responsibility he assumes, as measured
by the volume of business transacted—a policy the fairness
of which is obvious," the court held the language to mean that
where the fees collected in any one quarter exceed the quarterly
salary and the amount allowed as clerk hire, the officer is to
receive for his own benefit one-half of the excess, "the phrase

'as clerk hire' meaning in the nature of clerk hire, or in lieu of clerk hire, implying merely that if an additional clerk is employed he must be paid by the register." (p. 879.)

The opinion then proceeds:

"This interpretation having been placed upon the words directly in dispute, the final clause of the section supplements it by providing that while one-half of the excess fees shall in any event inure to the personal benefit of the register, the commissioners may in their discretion allow any part of the remainder which they see fit to be used for the employment of additional clerical help." (p. 879.)

In the present case the minutes of the board of county commissioners establish beyond question that the board exercised its discretion and employed additional clerks who were paid the sum of $1,245.50 on verified bills presented by them to the county clerk, the bills being allowed by the commissioners and paid by the county. It is true, as the appellant argues, that if the salaries for additional clerical help were to be paid by the register, there would be no reason why the commissioners should limit her in the number of additional clerks to be employed and the amount of their salaries.

The main contention of appellee is that an official may not present a claim for part of the salary due, making no claim for the balance until after the term of office has expired, and then maintain an action against the county for the balance. The contention is that by attempting to do this the appellant was splitting her cause of action. The amount of appellant's salary each month was fixed by the statute, while any claim she might have for excess fees was contingent upon the amount collected in excess of her salary and clerk hire in each quarter. Her claim for salary and that for excess fees were not one single cause of action. Her right to excess fees was in no sense involved in the settlement at the end of each month.

Another contention of the appellee is that appellant is not entitled to recover because the act of 1917 was amended by chapter 198 of the Laws of 1919 by the provision that—

"If any register of deeds has collected fees allowed as clerk hire under the present law, such amount shall be deducted from any salary claimed under this act, and a cause of action shall accrue to the county for the recovery of such fees if the officer is out of office."

Before the passage of the act of 1919, the appellant's term of office had expired. When the services were performed, she

had a vested right to one-half the excess fees as provided by the act then in force, and, without attempting to construe the purpose of the legislature in the amendment of 1919, it is sufficient to say that the amendment cannot be given a retroactive effect so as to deprive the appellant of her vested rights.

The appellant was entitled to one-half of the excess fees and it was error to deduct from her claim the $1,245.50 which the county paid for clerical help employed by the commissioners. The judgment is reversed with directions to proceed accordingly.