No. 35,035

MANUEL FISCUS, *Appellee,* v. THE KANSAS CITY PUBLIC SERVICE COMPANY, *Appellant.*

(112 P. 2d 83)

Opinion filed April 12, 1941.

*Edwin S. McAnany, Thomas M. Van Cleave, Willard L. Phillips, Bernhard W. Alden, Patrick B. McAnany, Thomas M. Van Cleave, Jr.,* all of Kansas City, and *Charles L. Carr,* of Kansas City, Mo., for the appellant.

*Frederick R. White,* of Kansas City, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This action was to recover damages for personal injuries. The petition, filed February 1, 1936, alleged that on August 14, 1935, the automobile which plaintiff was driving collided with a streetcar of the defendant company at the intersection of State avenue and Tenth street in Kansas City, Kan. It was alleged that the injuries sustained by the plaintiff were caused by the negligence of the servants of defendant in the operation of the streetcar. Plaintiff prayed for judgment in the sum of $3,000.

Defendant filed a motion, the nature of which is not set forth in the record, which was sustained. Thereafter, and on May 23, 1936, plaintiff filed an amended petition. On June 2, 1936, defendant filed its answer, which after a general denial and a plea of contributory negligence, alleged, as a bar to the cause of action set forth in plaintiff's petition, that on February 1, 1936, the plaintiff brought an action against the defendant in the city court of Kansas City, Kan., for property damage to his automobile sustained in the same collision; that the action in the city court was tried on April 23, 1936, and a judgment rendered in favor of plaintiff for the sum of $125 and costs; that no appeal was taken from the judgment, and that on May 13, 1936, the judgment was paid in full and the judgment

was satisfied of record by the plaintiff. The reply was a general denial.

Under an agreed statement of facts the parties stipulated that on February 1, 1936, the plaintiff brought an action in the city court of Kansas City, Kan., against defendant for property damage to the automobile of plaintiff resulting from the same collision sued on in the present action; that the action was tried and judgment was rendered in favor of plaintiff; that the judgment was paid by defendant, and that the judgment was satisfied of record by plaintiff.

The case was tried to a jury, and at the conclusion of the evidence the defendant filed a motion for a directed verdict. This motion was overruled. The jury rendered a verdict for $250 in favor of plaintiff and returned answers to special questions. Judgment was entered upon the verdict and this appeal followed.

Defendant contends that a single wrongful or negligent act, causing an injury both to the person and property of the same individual, constitutes but one action with separate items of damage; that the cause of action cannot be split, and that a recovery of judgment for one item of damage may be pleaded in bar of an action to recover for the other item of damage. Obviously, if this theory must be sustained, there was nothing to submit to the jury and the motion for the peremptory instruction should have been sustained.

The principle that a judgment for a part of an entire and indivisible demand is a bar to an action for another part of the same demand is the general rule (1 C. J. S. 1306) and has been inflexibly maintained in this jurisdiction. (*Madden v. Smith,* 28 Kan. 798; *Tootle v. Wells,* 39 Kan. 452, 18 Pac. 692; *W. & W. Rld. Co. v. Beebe,* 39 Kan. 465, 18 Pac. 502; *Insurance Co. v. Bullene,* 51 Kan. 764, 33 Pac. 467; *Barrett v. Montgomery County,* 109 Kan. 685, 201 Pac. 1098.)

In the leading case of *King v. Chicago M. & St. Paul Ry. Co.,* 80 Minn. 83, 82 N. W. 1113, 50 L. R. A. 161, 81 Am. St. Rep. 238, the rule of the English courts announced in *Brunsden v. Humphrey* (1884) L. R. 14 Q. B. Div. 141, that injury to the person and property of plaintiff resulting from a single tortious act of defendant created two separate causes of action, was repudiated. In the King case the court stated:

"We are of the opinion that the cause of action consists of the negligent act which produced the effect, rather than in the effect of the act in its application to different primary rights, and that the injury to the person and prop-

erty as a result of the original cause gives rise to different items of damage. . . . The views we have adopted seem to us more in harmony with the tendency towards simplicity and directness in the determination of controversial rights. That rule of construction should be adopted which will most speedily and economically bring litigation to an end, if at the same time it conserves the ends of justice. There is nothing to be gained in splitting up the rights of an injured party as in this case, and much may be saved if one action is made to cover the subject." (p. 88.)

As stated in Clark on Code Pleading, p. 332, "A rule leading to two lawsuits where one will accomplish the same results is not to be favored."

While the question is a new one in this jurisdiction, we unhesitatingly adopt the majority view, and hold that the injury to the person and property of the plaintiff resulting from the single act of negligence on the part of the defendant constituted one cause of action. See cases cited in Annotations, 50 L. R. A. 161; 64 A. L. R. 663; 104 A. L. R. 973.

The rule against splitting a cause of action does not prevent a plaintiff from suing for a part of a single cause of action; it merely precludes him from thereafter maintaining another action for the other portion. (*Todd v. Central Petroleum Co., Inc.,* post, p. 550, this day decided.)

Plaintiff contends, however, that defendant has waived the enforcement of the rule. In 1 C. J. S. 1312, the rule as to waiver is stated:

"Since the rules prohibiting the splitting of causes of action is for the benefit of defendant, he alone is entitled to object if the rule is not enforced; he may waive or renounce its benefits by either expressly or impliedly consenting to the institution of separate actions on a single demand or cause of action, and such a waiver will be presumed unless timely and proper objection is made."

See, also, *Anspaugh v. Dougherty,* 153 Kan. 257, 109 P. 2d 101. As stated above, the action for property damage was filed in the city court on February 1, 1936, the case was tried and judgment entered on April 23, 1936, and on May 13, 1936, the judgment was paid and satisfied of record. While the present action was brought on the same date as the action in the city court, a motion was leveled at the petition, which motion was sustained by the court, and the plaintiff was given time to file an amended petition. The amended petition was filed on May 23, 1936, which was after the judgment was entered and satisfied in the city court. The answer of defendant to the amended petition was on June 2, 1936. It thus appears that

when the judgment was entered in the city court the answer was not yet due on the present action in the district court. The defendant was not compelled to raise the defense of *res judicata* until a petition stating a cause of action was filed. The motion leveled at the original petition was sustained, so the court evidently considered the petition insufficient. As the issue of *res judicata* was raised at the first opportunity after the amended petition was filed, we do not think it could be fairly urged that the rule against splitting was waived by defendant. We hold, therefore, that the personal and property injury to the plaintiff resulting from the negligence of defendant constituted one cause of action, and that the judgment for the property damage in the city court was a bar to the action in the district court. As this conclusion determines the action, it is unnecessary to consider the other specifications of error.

The judgment is reversed and the cause remanded with instructions to enter judgment for defendant.