(597 P.2d 264)

No. 50,000

CATHERINE M. DINESEN, *Appellant,* v. MAURICE D. TOWLE, *Appellee.*

Petition for review denied September 11, 1979.

Opinion filed July 13, 1979.

*David R. Hills* and *Robert W. Harris,* of Harris & Hills, of Kansas City, for appellant.

*Barry W. McCormick* and *J. Eugene Balloun,* of Payne & Jones, Chartered, of Olathe, for appellee.

Before PARKS, P.J., ABBOTT and SWINEHART, JJ.

ABBOTT, J.: The trial court in this case dismissed plaintiff's cause of action on the basis that this action is barred by the statute of limitations, K.S.A. 60-513. We affirm.

The facts in this case are not in dispute. The cause of action arose out of an automobile collision that occurred on February 3, 1975. The plaintiff, Catherine M. Dinesen, was injured when she struck the left side of her head against the steering wheel of her car, and she received medical attention following the accident. The point of controversy of this case arises because the plaintiff's medical expenses did not exceed the threshold level of $500 set by K.S.A. 1978 Supp. 40-3117 of the Kansas Automobile Injury Reparations Act until September 2, 1977, some thirty-one months after the accident that produced the injury. Plaintiff did not employ counsel until November of 1977 and suit was immediately filed. Prior to discovery, a motion to dismiss was sustained on the grounds that the action was barred by K.S.A. 60-513(a)(4), and plaintiff appeals.

K.S.A. 1978 Supp. 40-3117 provides in pertinent part:

"**Tort actions; conditions precedent to recovery of damages for pain and suffering.** In any action for tort brought against the owner, operator or occupant of

a motor vehicle or against any person legally responsible for the acts or omissions of such owner, operator or occupant, a plaintiff may recover damages in tort for pain, suffering, mental anguish, inconvenience and other non-pecuniary loss because of injury only in the event the injury requires medical treatment of a kind described in this act as medical benefits, having a reasonable value of five hundred dollars ($500) or more, or the injury consists in whole or in part of permanent disfigurement, a fracture to a weight-bearing bone, a compound, comminuted, displaced or compressed fracture, loss of a body member, permanent injury within reasonable medical probability, permanent loss of a bodily function or death."

No contention is made by either party that the injury consisted in whole or in part of permanent disfigurement, a fracture to a weight-bearing bone, a compound, comminuted, displaced or compressed fracture, loss of a body member, permanent injury within reasonable medical probability or permanent loss of a body function, and plaintiff relies solely on the fact she did not meet the threshold requirements of 40-3117 until over two years after the accident as grounds for error. She presents a number of legal theories, none of which we consider persuasive enough to adopt.

Plaintiff's main argument deals with the point in time at which her cause of action accrued which she maintains was not until September 2, 1977, the day when the $500 medical expense level was reached. She puts forth three separate arguments to support this contention.

First, she argues that her cause of action did not accrue until she met the threshold on September 2, 1977, since 40-3117 prevented her from filing suit to recover damages for pain and suffering and other nonpecuniary losses until she required medical treatment having a reasonable value of $500. We cannot agree. The statute does not require the attainment of the $500 threshold as a condition precedent to filing suit thereunder. What the statute does is restrict the type of damages which may be recovered, not the time when suit may be filed. *Manzanares v. Bell,* 214 Kan. 589, 522 P.2d 1291 (1974). The Supreme Court held in *Yeager v. National Cooperative Refinery Ass'n,* 205 Kan. 504, Syl. ¶ 7, 470 P.2d 797 (1970) that:

"In general, a cause of action accrues, so as to start the running of the statute of limitations, as soon as the right to maintain a legal action arises, the true test being at what point in time the plaintiff could first have filed and prosecuted his action to a successful conclusion."

The *Yeager* case has since been cited with approval and applied in *Johnston v. Farmers Alliance Mutual Ins. Co.,* 218 Kan. 543, 548, 545 P.2d 312 (1976), wherein the plaintiff's cause of action in tort was held to be barred by the same two-year statute for tort actions (60-513[a][4]) applicable to this case. The plaintiff in this case was aware of the injury and we are not concerned with a latent or hidden injury. The injury first manifested itself on the day of the accident and plaintiff has a right under 40-3117 to maintain a legal action from that date, although her remedies were somewhat restricted by the statute until such time as she met the $500 threshold or one of the exceptions to the monetary threshold contained therein. To hold otherwise would be contrary to the intent of the Automobile Injury Reparations Act, which has as one of its purposes the limitation of certain actions.

Plaintiff's second argument in support of her theory that the cause of action did not accrue until September 1977 is that K.S.A. 60-513(b) provides that a cause of action shall not be deemed to have accrued until the negligent act has caused "substantial injury" or until "the fact of injury becomes reasonably ascertainable." Plaintiff further contends that "substantial injury" has been specifically defined by the threshold provisions of 40-3117, in that it enumerates the dollar amount of medical expenses that must be paid or the specific injuries that must be suffered before recovery for pain and suffering may be had.

We have no quarrel with the cases plaintiff cites. They deal however with statutory construction and not the issue before us. The legislature enacted no-fault as a means of providing compensation for injured persons in lieu of their filing lawsuits for damages in cases involving small sums of money and minor injuries. *Smith v. Marshall,* 225 Kan. 70, 587 P.2d 320 (1978); *Manzanares v. Bell,* 214 Kan. 589; K.S.A. 1978 Supp. 40-3102; McCormick and Taylor, No-Fault Automobile Insurance, 23 Kan. L. Rev. 141 (1974).

The presence of an injury in this case became reasonably ascertainable on the date of the accident, although the nature and extent of the injury, as well as the amount of medical treatment that would be needed, was not certain at that time. To hold that the legislature intended the statute of limitations not commence to run until the statutory threshold had been met would be contrary to the express purpose of the act. It was not the intent of

the legislature that the statute of limitations not commence to run until the statutory threshold of $500 is reached when an injured party is aware of the injury on the date of the accident.

Plaintiff's third argument on this point is that a disputed question of fact remains as to when her cause of action accrued. We would conclude that the facts are not in dispute. While the legal effect of the facts is disputed, the court is not "required to accept *conclusory allegations* on the legal effects of events the plaintiff has set out *if these allegations do not reasonably follow* from the description of what happened, or if these allegations are contradicted by the description itself [cite omitted]." (Emphasis added.) *Weil & Associates v. Urban Renewal Agency,* 206 Kan. 405, 413-414, 479 P.2d 875 (1971). Plaintiff's assertion that a disputed question of fact remains is unsupported, and based on the record before us the trial court correctly determined there were no factual issues in dispute.

Plaintiff next advances two arguments as to why the two-year statute of limitations in this case was tolled. They are (1) that as she was not the real party in interest during the time before the $500 threshold was reached, the statute cannot run against her, and (2) that plaintiff has no cause of action until the $500 threshold is reached and therefore the statute of limitations would not commence to run until the cause of action accrued. She argues that since all money recoverable prior to the $500 threshold being reached would go to her insurance carrier per K.S.A. 1978 Supp. 40-3113a(*b*), she was not the real party in interest and cannot be barred.

Although 40-3113a(*b*) provides that any duplicative amount received by the injured party shall be reimbursed to the insurance company which had earlier paid them out as personal injury protection benefits, the injured party is not precluded from filing an action for actual expenses and pecuniary losses resulting from the accident even though the threshold provisions of 40-3117 have not been met. *Mayer v. Harris,* 224 Kan. 231, 233, 579 P.2d 715 (1978).

While the insurer may bring suit, this may only be done after the injured party has had eighteen months to act and has failed to do so. K.S.A. 1978 Supp. 40-3113a(*c*). The Supreme Court established where the actual control of litigation lies under the act, and hence who was the real party in interest, when it stated in

*Easom v. Farmers Insurance Co.,* 221 Kan. 415, 427, 560 P.2d 117 (1977):

"The statutory scheme of [the act] clearly gives control of recovery by either litigation or settlement to the insured. Control is exclusive for the first eighteen months following the accident and then insurer is entitled to bring an action only after thirty days notice to the insured (see subsection [c]) [of K.S.A. 1975 Supp. 40-3113]. The insured is in control of the litigation and possesses knowledge of the nature of the losses incurred."

Plaintiff was the real party in interest in this action from the date of the accident on.

Plaintiff's third theory is that the act results in a "splitting" of her cause of action in that it creates one cause of action for her pecuniary damages and a second for her pain and suffering. While plaintiff's authority concerning splitting of a cause of action is sound (*Parsons Mobile Products, Inc. v. Remmert,* 216 Kan. 138, 531 P.2d 435 [1975]), as noted earlier it is not the *right* which is barred, but only certain remedies. As the Supreme Court noted in *Manzanares,* the statutory scheme of the act involves the grant of some new rights and the abrogation of some existing ones under the common law, one of which is the remedy of recovery in certain low-money figure situations. Therefore, while it is true that plaintiff may well be unable to "split" her cause of action because of the judicial policy against it and because the statute of limitations would not allow the second suit, this result is not at odds with the act as the act does not require a splitting of plaintiff's cause of action, it only has the effect of limiting certain causes of action. *Manzanares v. Bell,* 214 Kan. 589.

Plaintiff's final set of arguments concern the constitutionality of portions of the act. We conclude plaintiff must fail for two reasons. First, the results reached by the trial court are supported by *Manzanares,* where the Supreme Court upheld the validity of the threshold concept in general and the $500 medical expense standard in particular. 214 Kan. at 610-611. Plaintiff raises no issues that have not already been dealt with adversely to her in *Manzanares.* Second, the record does not affirmatively show that the issues were raised in the trial court and thus they may not be raised for the first time on appeal (*Holder v. Kansas Steel Built, Inc.,* 224 Kan. 406, 582 P.2d 244 [1978]), even though constitutional questions are involved. *Malone v. University of Kansas Medical Center,* 220 Kan. 371, 552 P.2d 885 (1976).

Affirmed.