(626 P.2d 806)
No. 51,607

SIBYL L. PRETZ, *Appellant,* v. ROBERT J. LAMONT, *Appellee.*

Opinion filed April 17, 1981.

*Laurence M. Jarvis,* of Laurence M. Jarvis, Chartered, of Kansas City, for appellant.

*Gerald L. Rushfelt,* of Rushfelt, Mueller, Druten and Moran, of Overland Park, for appellee.

Before JUSTICE McFARLAND, presiding, SPENCER, J., and RON ROGG, Associate District Judge, assigned.

McFARLAND, J.: Plaintiff brought this action seeking recovery for personal injuries caused by an automobile accident. In a previous action arising out of the same collision, plaintiff had recovered her property damage from the defendant herein. The trial court dismissed the personal injury action on the ground the plaintiff had improperly split her cause of action and the present

action was barred by the doctrine of res judicata. Plaintiff appeals from this determination.

On July 18, 1977, plaintiff Sibyl L. Pretz was operating a motor vehicle which collided with a motor vehicle operated by defendant Robert J. Lamont. Plaintiff's vehicle was titled in the names of plaintiff and her husband, Eugene A. Pretz, as joint tenants. On August 10, 1977, plaintiff and her husband filed an action against defendant for damage to their motor vehicle. On August 22, 1977, judgment by default was entered in said case in favor of plaintiffs in the amount of $882.39 plus costs. The judgment was satisfied in full on September 16, 1977. On the date the judgment was satisfied plaintiff filed the instant action against the same defendant seeking damages for personal injury, including lost wages and lost future earnings capacity and, in addition, compensatory damages on behalf of and for the benefit of her husband, for alleged impairment of her ability to perform services in the household and discharge her domestic duties, all claimed as a result of the accident of July 18, 1977.

Shortly thereafter, defendant moved for dismissal of the action on the basis of the rule against splitting causes of action and the doctrine of res judicata. The motion was initially denied by the then trial judge. Subsequently, the present trial judge took over the case and the motion was renewed and sustained. This appeal followed.

Before proceeding to the specific issues herein, discussion of the rule relative to splitting causes of action and the doctrine of res judicata is necessary.

In regard to splitting causes of action there is a majority rule and a minority rule. Basically, the majority rule holds that where a single wrongful act simultaneously causes harm to the person and property of one individual, that individual has only one cause of action against the perpetrator of the act. The minority view holds that the cause of action is the harmful result of the wrongful act and not the act itself; hence, each harmful result is a separate cause of action. For an in-depth discussion of the majority and minority views see Annotation at 62 A.L.R.2d 977.

*Fiscus v. Kansas City Public Ser. Co.,* 153 Kan. 493, 112 P.2d 83 (1941), involved a plaintiff who suffered property damage and personal injury when her automobile collided with a streetcar. The plaintiff filed an action for property damage to her automo-

bile, and obtained a judgment therefor which was satisfied. Subsequently, she brought an action against the same defendant to recover for her personal injuries. The issue was raised as to whether the plaintiff had improperly split her cause of action. The Kansas Supreme Court discussed the majority and minority views and unequivocally adopted the majority view. The court then held in Syl. ¶¶ 1-3:

"The rule against splitting causes of action applies to causes of action arising *ex delicto,* the general rule being that a single wrong gives rise to but one cause of action for which only one action can be maintained."

"Ordinarily a single tortious act which causes injury to the person and property of the plaintiff constitutes a single cause of action."

"The rule against splitting a cause of action does not prevent a plaintiff from suing for a part of a single cause of action; it merely precludes him from thereafter maintaining another action for the other portion."

It is something of a misnomer to characterize the majority and minority views as rules against splitting causes of action. More precisely, the two views differ as to what constitutes a cause of action. Neither view permits a cause of action to be split.

The doctrine of res judicata was stated in *Jayhawk Equipment Co. v. Mentzer,* 191 Kan. 57, 61, 379 P.2d 342 (1963), as follows:

"The doctrine of *res judicata* is plain and intelligible, and amounts simply to this—that a cause of action once finally determined, without appeal, between the parties, on the merits, by a competent tribunal cannot afterwards be litigated by a new proceeding, either before the same or any other tribunal.

"It is a general rule of law, indeed an elementary one in this jurisdiction, that in a lawsuit between litigants in their ordinary capacity, so far as relates to a subsequent action on the same claim, not only is everything adjudicated between them which the parties may properly choose to litigate, but also everything incidental thereto which could have been litigated under the facts which gave rise to the cause of action."

Res judicata has many applications in different circumstances and no attempt will be made herein to discuss its many aspects. See 46 Am. Jur. 2d, Judgments § 394 *et seq.,* for an exhaustive treatise on the subject.

We turn now to the specific issues raised herein. Plaintiff does not challenge the foregoing rules of law relative to splitting causes of action and res judicata. Instead she seeks to show they are inapplicable to her.

First, plaintiff argues the cause of action asserted in the property damage case was a joint cause of action, while the cause of action in the case herein was her personal individual cause of

action. In support thereof plaintiff notes K.S.A. 60-217(*a*), which requires every action to be prosecuted by the real party in interest, and K.S.A. 60-219(*a*), relative to joinder of parties having a joint interest. We agree that plaintiff's husband was a necessary party to the action for recovery of property damage to the automobile herein.

Plaintiff then urges our adoption of the following rule of law enunciated by the Missouri Supreme Court in *Lee v. Guettler,* 391 S.W.2d 311, 313 (Mo. 1965), as follows:

"[J]oint action of a husband and wife for damage to their jointly owned property is a separate and distinct action from the separate action each has a right to maintain for his or her own personal injuries."

This we cannot do. As set forth in *Fiscus v. Kansas City Public Ser. Co.,* 153 Kan. 493, plaintiff had one cause of action against defendant for injury to her person and property resulting from the single act of defendant. It matters not how many plaintiffs and defendants were involved in the first action. The stipulated facts herein clearly establish that plaintiff recovered her property damage arising from the automobile collision of July 18, 1977, in her earlier action against defendant. In the present action plaintiff is seeking recovery against this same defendant for her personal injuries arising from the same automobile collision. We conclude the rule against splitting causes of action and the doctrine of res judicata are not rendered inapplicable by virtue of the first action having been brought by the plaintiff and another individual for damages to their jointly owned automobile; whereas, the second action was brought by the plaintiff for personal injuries.

Plaintiff next argues that the doctrine of res judicata should not apply because of the lack of certain conditions. In *Adamson v. Hill,* 202 Kan. 482, 487, 449 P.2d 536 (1969), the court iterated the requisite conditions as follows:

"We have long followed the rule that an issue is res judicata only when there is a concurrence of four conditions, namely, (1) identity in the things sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made."

Plaintiff contends conditions (2), identity of the cause of action, and (4), identity in the quality of the persons for or against whom the claim is made, are absent. We do not agree. As previously demonstrated, this plaintiff and this defendant were adverse

parties in the earlier action. Plaintiff had but one cause of action against defendant and elected to litigate only a part of it in the earlier action. We conclude the requisite conditions for the application of res judicata are present herein.

Although not essential to the issues raised herein, perhaps it should be noted that the rule against splitting causes of action is not solely effectuated by the application of the doctrine of res judicata. As stated in 46 Am. Jur. 2d, Judgments § 405, pp. 573-574:

"The law does not permit the owner of a single or entire cause of action, or an entire or indivisible demand, to divide or split that cause or demand so as to make it the subject of several actions, without the consent of the person against whom the cause or demand exists. A similar result is reached under res judicata principles precluding relitigation of the same cause of action between the same parties or their privies, where that doctrine is applied to a plaintiff who is successful in the first action. This doctrine prevails although all of the relief to which the plaintiff is entitled is neither requested nor granted in such action, and the former recovery in fact represents only a part of the damages he suffered; it is the general rule that if an action is brought for a part of a claim, a judgment obtained in the action precludes the plaintiff from bringing a second action for the residue of the claim."

Plaintiff next argues her personal injury action had not yet accrued when her property action was filed. In support thereof, she relies on K.S.A. 1980 Supp. 40-3117, which provides in relevant part:

"In any action for tort brought against the . . . operator . . . of a motor vehicle . . ., a plaintiff may recover damages in tort for pain, suffering, mental anguish, inconvenience and other non-pecuniary loss because of injury only in the event the injury requires medical treatment of a kind described in this act as medical benefits, having a reasonable value of five hundred dollars ($500) or more . . . ."

Plaintiff avers she had not reached the $500.00 threshold at the time her property damage action was commenced. This issue has been determined adversely to the plaintiff in *Dinesen v. Towle*, 3 Kan. App. 2d 505, 506, 597 P.2d 264, *rev. denied* 226 Kan. 792 (1979), wherein this court held:

"The statute does not require the attainment of the $500 threshold as a condition precedent to filing suit thereunder. What the statute does is restrict the type of damages which may be recovered, not the time when suit may be filed."

This conclusion was reaffirmed in *Key v. Clegg*, 4 Kan. App. 2d

267, 273, 604 P.2d 1212, *rev. denied* 227 Kan. 927 (1980), wherein this court stated:

"We have by implication adopted that line of reasoning in *Dinesen v. Towle,* 3 Kan. App. 2d 505, 597 P.2d 264, *rev. denied* 226 Kan. 792 (1979). Without restating the well-settled rules of statutory construction, when the applicable rules are applied we are convinced it was the legislature's intent when it drafted 1978 Supp. 40-3117 that the monetary threshold must be met not later than the date of trial or the date the cause of action is barred by the statute of limitations, whichever first occurs."

We conclude attainment of the threshold amount of $500.00 in medical expenses pursuant to K.S.A. 1980 Supp. 40-3117 is not a condition precedent to filing suit and the fact the threshold had not been reached when the property damage action was filed does not render either the rule against splitting a cause of action or the doctrine of res judicata inapplicable.

Plaintiff had no legal impediment to asserting her entire cause of action in the first proceeding. The fact plaintiff did not foresee the legal consequence of splitting her cause of action has no bearing on the issues or the result herein. See 46 Am. Jur. 2d, Judgments §§ 474-476.

Generally speaking, the justification for the long-standing rule against splitting causes of action and the doctrine of res judicata is the avoidance of multiplicity of suits, both as a benefit to the defendant and as a matter of public policy. The introduction of comparative negligence into Kansas, at the very least, has not diminished this justification.

The judgment is affirmed.