Thomas **MARSHALL, Jr.**, Plaintiff,

v.

**MAYFLOWER, INC. d/b/a Aero Mayflower Transit Co., Inc., and National Union Fire Insurance Company,** Defendants.

No. 92–4093–RDR.

United States District Court,
D. Kansas.

March 31, 1993.

---

Patrick C. Smith, Spigarelli, McLane & Short, Pittsburg, KS, Charles S. Fisher, Jr., Fisher, Cavanaugh & Smith, P.A., Topeka, KS, for plaintiff.

Hal D. Meltzer, Turner & Boisseau, Chartered, Overland Park, KS, for defendants.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

The issue in this case is whether plaintiff is barred from bringing a lawsuit for personal injuries he received in a vehicular collision because, when he was a minor, he was joined as a plaintiff in a previous lawsuit to recover wrongful death damages stemming from the same collision. In other words, should this case be dismissed because plaintiff did not join any claim for personal injuries to the claim for wrongful death that was brought on his behalf in the prior lawsuit? Defendants have filed a motion to dismiss arguing that plaintiff should be barred from bringing this action. Plaintiff disputes this argument and has filed a motion for partial summary judgment asking that the percentage of fault findings from the prior action be controlling in this case.

The facts necessary to decide the pending motions are undisputed. Plaintiff and his father were injured in a vehicular accident which occurred on January 17, 1987. On February 18, 1988, plaintiff's mother, as next friend for plaintiff's father, brought suit in state court against defendants and others for the injuries plaintiff's father suffered in the accident. The action was Case No. 88–C–644 in Wyandotte County District Court. Plaintiff's father died on July 12, 1988. Thereafter, an amended petition was filed in Case No. 88–C–644. Survival and wrongful death actions were added by plaintiff's mother, as the administrator of plaintiff's father's estate and as the parent and natural guardian of plaintiff and two other minor children. Plaintiff was a named party in that action. Settlements were reached with some of the defendants in Case No. 88–C–644. The settlements with plaintiff included monies paid to reimburse plaintiff for personal injuries, although no claims for such injuries were made in the amended petition. Case No. 88–C–644 was tried against defendant Mayflower, Inc. On December 15, 1989, a jury calculated that plaintiffs suffered damages in the amount of $2,914,087.27. Defendant Mayflower was found 30% at fault. One million dollars in pecuniary wrongful death damages, plus $720,000.00 in nonpecuniary wrongful death damages were found by the jury. The remaining part of the damage figure included more than $600,000.00 for plaintiff's father's medical expenses and $500,000.00 for plaintiff's father's pain and suffering. When applicable state laws were applied to the jury's verdict, a final damage award in favor of plaintiffs and against defendant Mayflower was entered in the amount of $688,226.18. The verdict and entry of judgment were upheld on appeal by the Kansas Supreme Court

in 1991. On April 6, 1992, plaintiff filed this case against defendants Mayflower and National Union Fire Insurance Company (Mayflower's insurer) for his own personal injuries arising from the same accident.

There is no dispute that Kansas law provides the basis for deciding defendants' motion to dismiss.

Defendants contend that plaintiff should be barred from bringing this case by operation of res judicata, the Kansas "one-action rule," or the rule against splitting causes of action. We agree with defendants and shall grant the motion to dismiss.

■ This case is barred under the doctrine of res judicata. "The Full Faith and Credit Statute, 28 U.S.C. § 1738, requires that a federal court apply the law of the state which rendered [a prior] judgment for purposes of determining its preclusive effect." *Gates Learjet Corp. v. Duncan Aviation,* 851 F.2d 303, 305 (10th Cir.1988). In Kansas, "courts have invoked the doctrine of claim preclusion [i.e., res judicata] when the following four conditions are satisfied: (1) identity in the things sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity in the quality of the persons for or against whom the claim is made." *Carter v. City of Emporia,* 815 F.2d 617 (10th Cir.1987) citing *Wells v. Ross,* 204 Kan. 676, 678, 465 P.2d 966, 968 (1970). These conditions are satisfied here.

In this case, as in Case No. 88–C–644, plaintiff is seeking monetary damages from defendant Mayflower alleging that defendant was negligent on January 17, 1987. In other words, there is identity in the thing sued for—monetary damages. There is also identity in the cause of action. In *Wells v. Ross, supra,* the Kansas Supreme Court restated the following "test" for identity of cause of action in 46 Am.Jur.2d, *Judgments,* § 406, p. 574:

> "The term 'cause of action' is not easily defined, and the authorities have laid down no thoroughly satisfactory and all-embracing definition; it may mean one thing for one purpose and something different for another. A fundamental test applied for comparing causes of action, for the purpose of applying principles of res judicata, is whether the primary right and duty, and delict or wrong, are the same in each action. Under this test, there is but one cause of action where there is but one right in the plaintiff and one wrong on the part of the defendant involving that right. In general, it may be said that under the doctrine of res judicata, a judgment bars relitigation of the same controversy. Two actions have also been regarded as being based on the same cause of action where the issues in the first action were broad enough to comprehend all that was involved in the issues of the second action, or where the two actions have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the judgment in the first."

■ Looking at some of the factors listed in this test, as well as other pertinent authorities, we believe the instant case and Case No. 88–C–644 share identical causes of action. This case and Case No. 88–C–644 arise from the same alleged wrong (defendant's negligence) and assert the same alleged right—plaintiff's right to recover for such negligence. We acknowledge that the elements of damage are different. But, this does not foreclose the application of res judicata. See *Pretz v. Lamont,* 6 Kan.App.2d 31, 626 P.2d 806 (1981) (res judicata bars second action for personal injuries which was not brought with first action for property damage arising from the same accident); see also, 46 Am.Jur.2d *Judgments,* § 412 at p. 579 ("[T]he fact that a different form or measure of relief is asked does not preclude the application of the judgment to estop the maintenance of the second action; for application of the doctrine [of res judicata], it is not necessary that the two actions be identical with respect to the relief sought."). Obviously, the first action brought on behalf of plaintiff was broad enough to comprehend a claim for plaintiff's personal injuries. This is undisputed. Indeed, the similarities are so striking that plaintiff seeks to bind defendant to the percentages of fault found in the first action.

We acknowledge that the causes of action may have accrued at different times because plaintiff's father died more than a year after the collision. But, this does not require a finding that plaintiff's causes of action for wrongful death and personal injury should be treated separately for the purposes of the res judicata doctrine. See *Pretz v. Lamont, supra,* (personal injury action which had not yet accrued when property action was filed, but which arose from same accident, is barred under the res judicata doctrine).

■ We believe Kansas courts follow the transactional view of "claim" espoused in *Restatement (Second) of Judgments* § 24 (1982). This authority was employed by the Tenth Circuit in *Northern Natural Gas Co. v. Grounds,* 931 F.2d 678, 683 (10th Cir. 1991). Under this view, a "claim" is "coterminous with the transaction [from which it arises] regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to plaintiff ..." *Restatement, supra,* Comment a. The Kansas Supreme Court suggested its acceptance of this approach in *Jayhawk Equipment Co. v. Mentzer,* 191 Kan. 57, 61, 379 P.2d 342 (1963):

> It is a general rule of law, indeed, an elementary one in this jurisdiction, that in a lawsuit between litigants in their ordinary capacity, so far as relates to a subsequent action on the same claim, not only is everything adjudicated between them which the parties may properly choose to litigate, but also everything incidental thereto which could have been litigated under the facts which gave rise to the cause of action.

Plaintiff's claim for personal injuries could have been litigated with plaintiff's wrongful death claim in Case No. 88–C–644; it arises from the same transaction or group of events. Accordingly, it is the same cause of action for purposes of the res judicata doctrine.[1]

■ Proceeding to the final two elements required to invoke res judicata, we find that there is an identity of persons and parties as well as an identity in the quality of the persons for or against whom the claim is made. Neither of these two elements is disputed by plaintiff. The only possible objection would relate to the fact that plaintiff was a minor when Case No. 88–C–644 was filed and that he was represented by his mother. However, plaintiff was a named party to the previous action. His interests were represented by someone qualified to do so. Accordingly, we find that an identity of persons and parties exists between Case No. 88–C–644 and the case at bar. See *Restatement (Second) of Judgments* § 41 (1982).

■ Finally, plaintiff has suggested that his minority status during Case No. 88–C–644 provides equitable grounds which exempt this case from the strictures of the res judicata doctrine. We disagree. The policies underlying the res judicata doctrine would be defeated if application of the doctrine was voided simply because of plaintiff's minority status. We find no persuasive grounds to deny application of res judicata in this case.

Because all the elements are present to invoke the doctrine of res judicata, we believe defendants' motion to dismiss must be granted.

■ However, even if res judicata did not apply to bar plaintiff's action, the Kansas "one-action rule" does apply and warrants dismissal of this case. The Kansas Supreme Court has stated:

> The one-action rule is not an extension of the doctrine of res judicata but the result of legislation. In *Eurich v. Alkire,* 224 Kan. 236, 579 P.2d 1207 (1978), we held that by the enactment of 60–258a the legislature intended that henceforth all negligence claims arising out of one occurrence must be determined in one action.

*Mick v. Mani,* 244 Kan. 81, 766 P.2d 147, 158 (Kan.1988). Case No. 88–C–644 was a negligence action. This case is a negligence action. Both negligence claims arose from a single occurrence. The claims must be determined in one action under Kansas law.

---

1. We acknowledge that cases from other jurisdictions have produced contrasting results in this area. Contrast *Taylor v. Anderson,* 303 F.2d 546 (4th Cir.1962) and *Fisher v. Hill,* 368 Pa. 53, 81 A.2d 860 (1951) with *Bowie v. Reynolds,* 161 So.2d 882 (Fla.App.1964) and *Marcus v. Huguley,* 37 S.W.2d 1100 (Tex.Civ.App.1931).

■ Plaintiff contends that the one-action rule is not violated if there is only one judicial determination of comparative fault. Plaintiff is not asking in this case for a redetermination of comparative fault. Plaintiff seeks, instead, that the determination of comparative fault in Case No. 88–C–644 be applied to this case. We acknowledge that the one-action rule has not been applied to defeat a claim when there has been a previous action but no prior judicial determination of fault. *Mick v. Mani, supra,* 766 P.2d at 156, citing *Mathis v. TG & Y,* 242 Kan. 789, 751 P.2d 136 (1988); *Anderson v. Scheffler,* 242 Kan. 857, 752 P.2d 667 (1988); and *Childs v. Williams,* 243 Kan. 441, 757 P.2d 302 (1988). We do not believe, however, that the Legislature intended that a plaintiff could obtain one fault determination and then apply that determination in subsequent damage actions against different defendants or the same defendants. As the Kansas Supreme Court stated in *Eurich v. Alkire,* 224 Kan. 236, 579 P.2d 1207, 1208 (1978):

> Looking to the historical background of the enactment, the circumstances attending its passage, and the purpose to be accomplished by the act ... we believe it was the intent of the legislature to fully and finally litigate all causes of action and claims for damage arising out of any act of negligence subject to K.S.A. 60–258a.... [T]here is no reasonable argument for the proposition that a claim for damage arising out of one collision or occurrence should not be presented at the time negligence is originally determined.

Obviously, the claim for damages in this case was not presented at the time negligence was determined in Case No. 88–C–644. Therefore, this case should be dismissed as a violation of the Kansas "one-action rule."

In conclusion, defendants have established that this action violates the res judicata doctrine and the Kansas "one-action rule." Therefore, defendants' motion to dismiss shall be granted.

**IT IS SO ORDERED.**