(874 P.2d 691)
No. 70,361

ALICIA KING, *Appellant*, v. AMERICAN FAMILY INSURANCE CO.,
*Appellee.*

Opinion filed May 20, 1994.

*Denise L. Adams*, of Rosie M. Quinn & Associates, of Kansas City, for the appellant.

*Douglas M. Greenwald* and *William P. Coates, Jr.*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for the appellee.

Before BRISCOE, C.J., BRAZIL, J., and NELSON E. TOBUREN, District Judge, assigned.

BRISCOE, C.J.: Alicia King appeals the denial of her motion to reconsider the dismissal of her case against American Family Insurance Co.

King and Frank Wooten were involved in an automobile accident on February 26, 1991. King sued Wooten, claiming his negligence caused the accident and her resultant damages. King

obtained a default judgment against Wooten in the amount of $25,000. After she obtained judgment, King made demand against American Family, Wooten's insurer, contending American Family was obligated under Wooten's policy to pay the judgment. At the time of the accident, Wooten had an insurance policy with American Family which provided liability coverage. When American Family refused to pay, King initiated the present action against American Family. King claimed American Family, as Wooten's insurer, was obligated to pay the judgment King had obtained against Wooten. American Family moved for dismissal of the case on the basis that a direct action could not be maintained against American Family. The district court granted the motion.

King contends the court erred by finding she could not proceed directly against American Family. Specifically, she contends K.S.A. 40-3107(b) permits a direct action against an insurer by an injured party when the insured has been found legally responsible for the damages of the injured party. K.S.A. 40-3107 provides in part:

"Every policy of motor vehicle liability insurance issued by an insurer to an owner residing in this state shall:

. . .

"(b) insure the person named and any other person, as insured, using any such vehicle with the expressed or implied consent of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of any such vehicle."

The interpretation of 40-3107(b) presents a question of law. When determining a question of law, this court is not bound by the decision of the district court. See *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

American Family contends King cannot bring suit against it directly because there is no statutory authority for such an action. American Family cites *White v. Goodville Mut. Cas. Co.*, 226 Kan. 191, 596 P.2d 1229 (1979), to support its argument. In *White*, the plaintiff in an automobile accident case directly sued the allegedly negligent driver's insurance company because the plaintiff was unable to obtain service of process on the driver. Our Supreme Court examined whether such an action was proper. It first noted the general rule that, absent a statute or insurance

contract provision, an automobile insurance company may not be made an original party to a lawsuit against its insured. 226 Kan. at 192. The court noted when an insurer's obligation arises: ·

"Generally, where the policy is to *indemnify* the insured against actual loss, no liability of the insurer arises to anyone until a judgment has been obtained and the insured has paid it and thereby sustained a loss although by practice, decision, statute or the policy itself the actual payment by the insured is no longer required to establish an obligation on the insurer. Prior to a final judgment there is no duty on the part of the insurer to make any payment and it may not be sued alone or as a codefendant. If the policy is considered to be a contract of *liability* insurance then primary liability is upon the insurer and therefore an injured party may sue the insurance company alone or join it in a suit against the insured. [Citation omitted.]" 226 Kan. at 194.

The court reviewed the Kansas Automobile Injury Reparations Act, K.S.A. 40-3101 *et seq.* The court noted that direct actions are allowed against insurers of public motor carriers because prior cases had interpreted that type of insurance to be liability insurance. 226 Kan. at 195. After analyzing the language of 40-3107, the Court concluded the Reparations Act did not authorize a direct action against the insurance carrier of an alleged negligent motorist. 226 Kan. at 196.

King first tries to establish similarities between this case and public carrier cases. In *White*, however, the court compared the provisions of 40-3107(b) and K.S.A. 66-1,128 and clearly found there was a difference between Reparations Act cases and public carrier cases. According to *White*, "K.S.A. 1978 Supp. 40-3107(b) mandates coverage 'against loss from the liability imposed by law,' whereas K.S.A. 1978 Supp. 66-1,128 mandates coverage which shall bind the carrier to 'pay compensation for injuries . . . and . . . damage . . . resulting from the negligent operation of such carrier.'" 226 Kan. at 194.

King next argues *White* is distinguishable from the present case because, here, a final judgment has been rendered against the insured, whereas in *White* no judgment had been obtained. A close examination of the rationale in *White* lends some credence to King's argument. King specifically emphasizes the language in *White* quoted above, which indicates that, because insurers do not owe anything until after a judgment has been obtained, the insurer cannot be sued directly. Although King's argument is worthy of some merit, the holding in *White* is not limited to only

those cases where a judgment has not been obtained against the insured:

"After a careful comparison and analysis of the language used by the legislature in 66-1,128 and 40-3107, we conclude that the legislature did not intend by its enactment of K.S.A. 1978 Supp. 40-3101 *et seq.*, to authorize a direct action against the insurance carrier of an alleged negligent motorist. If it had so intended, it could have provided for the same in simple language or could have specified a direct liability as in 66-1,128." 226 Kan. at 195-96.

The court further stated: "If a direct action in an automobile collision case is to be allowed against an insurance carrier, either as the sole defendant or as a codefendant with the insured, the legislature must establish such right." 226 Kan. at 196.

Such a conclusion is not inconsistent with the language in *White* emphasized by King that states the insurer's liability does not arise until after judgment has been obtained against the insured. The language does not indicate that after judgment the insurer becomes liable to anyone other than the insured. In fact, because the court in *White* apparently found liability under the Reparations Act to be an indemnity liability, an insurer's obligation would technically be to the insured, although it could pay the claimant directly.

Before the injured claimant could sue the insurer directly, the insured would have first had to assign the insured's policy rights. In *Glenn v. Fleming*, 247 Kan. 296, 315, 799 P.2d 79 (1989), the Supreme Court held that bad faith and negligent defense claims are contract claims rather than tort claims and are assignable. The court therefore allowed the injured party who had an assignment from the tortfeasor to proceed against the tortfeasor's insurer. Implicit in this holding is the requirement that the injured party first be assigned the insured's policy rights before being allowed to maintain a contract action against the insurer. Here, King has neither alleged nor shown that she has obtained an assignment from Wooten of his right to recover under his policy.

In the present case, the effect of King's filing of a separate action against American Family is to split one claim into two. King had a claim against Wooten for the negligent operation of his automobile. She has filed an action against Wooten based

upon that claim and has obtained a judgment. She cannot now file a separate action against American Family based upon the same claim. To permit this second action could result in King recovering two judgments against two separate entities for the same claim. While similar in many respects to the doctrine of res judicata, the rule against splitting causes of action is not solely effectuated by the application of res judicata. *Pretz v. Lamont,* 6 Kan. App. 2d 31, 35, 626 P.2d 806, *rev. denied* 229 Kan. 671 (1981).

" 'The law does not permit the owner of a single or entire cause of action, or an entire or indivisible demand, to divide or split that cause or demand so as to make it the subject of several actions, without the consent of the person against whom the cause or demand exists. A similar result is reached under res judicata principles precluding relitigation of the same cause of action between the same parties or their privies, where that doctrine is applied to a plaintiff who is successful in the first action. This doctrine prevails although all of the relief to which the plaintiff is entitled is neither requested nor granted in such action, and the former recovery in fact represents only a part of the damages he suffered; it is the general rule that if an action is brought for a part of a claim, a judgment obtained in the action precludes the plaintiff from bringing a second action for the residue of the claim.' " *Pretz,* 6 Kan. App. 2d at 35 (quoting 46 Am. Jur. 2d, Judgments § 405).

Absent an assignment from Wooten of his policy rights, King's only remedy is to file a garnishment against American Family to enforce the judgment she has previously obtained against Wooten. See *Gilley v. Farmer,* 207 Kan. 536, 543-44, 485 P.2d 1284 (1971).

Affirmed.