**Brenda SHADWICK, Plaintiff,**

v.

**BUTLER NATIONAL CORPORATION, et al., Defendants.**

**Civil Action No. 96–2333–EEO.**

United States District Court, D. Kansas.

Dec. 2, 1996.

Steven M. Sprenger, The Sprenger Law Firm, Kansas City, MO, for plaintiff.

Loren W. Moll, Bryan Cave L.L.P., Overland Park, KS, for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

This action is before the court on plaintiff's motion to dismiss or, in the alternative, stay defendants' counterclaim (Doc. # 29). Defendants have responded and oppose the motion. Plaintiff requested oral argument on the motion. Plaintiff's motion for oral argument will be denied because the court has determined that oral argument will not be of material assistance in resolving the motion. For the reasons stated herein, plaintiff's motion to dismiss or stay defendants' counterclaim is denied.

### Factual Background

Plaintiff previously worked for defendants as Vice President of Governmental Affairs and Assistant General Counsel. On October 17, 1995, plaintiff filed an action against defendants in the District Court for Johnson County, Kansas, case no. 95–C–12525. Plaintiff apparently brought that action to recover a lump sum severance payment allegedly owed by defendants pursuant to her employment contract. On April 3, 1996, defendants filed a legal malpractice counterclaim against plaintiff in the state court action. After defendants filed their counterclaim, plaintiff moved to voluntarily dismiss her claims against defendants. Plaintiff's motion was granted and defendants' counterclaim is the only claim remaining in the state court action. Several motions apparently have been filed and decided by the state court regarding defendants' counterclaim. Most, if not all, written and document discovery has been completed. Defendants have designated their expert witness for trial and filed the expert's report. Finally, the state court action has been set for trial on June 23, 1997.

On July 22, 1996, plaintiff filed the instant action against defendants for breach of contract and violation of the Kansas Wage Payment Act. In particular, plaintiff alleges that defendants failed to make a lump sum severance payment to plaintiff pursuant to her employment contract. On September 25, 1996, defendants filed an answer to plaintiff's complaint and a counterclaim against plaintiff alleging legal malpractice. Defendants'

counterclaim is nearly identical to the counterclaim defendants filed in state court. A scheduling order was issued in the instant action on November 15, 1996. Trial has been set for September 8, 1997.

## Analysis

This case is before the court in an interesting procedural posture. Plaintiff requests that the court stay only a portion of the case, defendants' counterclaim, while proceeding to trial on plaintiff's claims.[1] Plaintiff asserts that she will move for separate trials pursuant to rule 42(b) of the Federal Rules of Civil Procedure if her motion to stay defendants' counterclaim is denied. The court is restricted significantly in reviewing plaintiff's motion to stay defendants' counterclaim because plaintiff's motion for separate trials is not before the court. If the court grants plaintiff's request to stay defendants' counterclaim, plaintiff effectively would be given separate trials in separate courts. In analyzing the relevant factors to determine whether a stay of defendants' counterclaim is appropriate, the court assumes that if this case proceeds to trial, plaintiff's claims would be tried together with defendants' counterclaim.

Plaintiff contends that dismissal or stay of defendants' counterclaim is proper based on the Colorado River doctrine. *See Colorado River Water Conserv. Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Generally, a federal court should exercise the jurisdiction which it is granted; however, there are certain limited exceptions. The Colorado River doctrine, which is intend-

ed to avoid duplicative litigation, allows a federal court to abstain from exercising its jurisdiction when exceptional circumstances exist. *See id.* at 817–18, 96 S.Ct. at 1246–47.

■ The Supreme Court has established an "exceptional circumstances" test to guide district courts in determining whether to stay or dismiss a federal court action in deference to ongoing state court proceedings. Specifically, the test sets forth several factors that are to be weighed by a district court in determining if a stay or dismissal is proper, including: (1) whether either court has assumed jurisdiction over property; (2) whether the federal forum is inconvenient to the parties; (3) the avoidance of piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) which forum's substantive law governs the merits of the litigation; and (6) the adequacy of the state forum to protect the parties' rights.[2] *Colorado River,* 424 U.S. at 819, 96 S.Ct. at 1247; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 23, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). In applying this test, no one factor is determinative, and the weight to be given to any one factor may vary from case to case. *Colorado River,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47. Accordingly, the test is to be applied in a pragmatic, flexible manner.[3]

■ The first factor, whether either court has assumed jurisdiction over property, is neutral. Defendants apparently filed a notice of lis pendens in state court on plaintiff's Overland Park residence. On July 19, 1996,

---

1. Although plaintiff also has requested to dismiss defendants' counterclaim because of a parallel proceeding, the Tenth Circuit has stated that "the better practice is to stay [rather than dismiss] the federal action pending the outcome of the state proceedings." *Fox v. Maulding,* 16 F.3d 1079, 1082 (10th Cir.1994); *see Allen v. Board of Educ., Unified School Dist. 436,* 68 F.3d 401, 404 (10th Cir.1995).

2. Several other factors have been applied by various courts such as (7) the presence or absence of concurrent jurisdiction, (8) the availability of removal, and (9) the vexatious or contrived nature of the federal claims. *See, e.g., Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.,* 962 F.2d 698, 700 (7th Cir.1992). Not all of these factors have been identified by the Supreme Court or the Tenth Circuit as part of the Colorado River anal-

ysis. *See, e.g., Life-Link Int'l, Inc. v. Lalla,* 902 F.2d 1493, 1495–96 (10th Cir.1990). Further, the court finds that these factors do not add any additional support for staying defendants' counterclaim.

3. The court notes initially that the test for stay or dismissal under the Colorado River doctrine is based, in part, on the premise that a party is seeking a stay or dismissal of an entire federal action. The court questions whether many of the factors outlined by the Supreme Court under the Colorado River doctrine assume the same significance when a party requests to stay only a portion of a federal action. In such circumstances, we believe that the third factor, avoiding piecemeal litigation, is the primary factor for a court to consider.

the state court released the lis pendens but required plaintiff to escrow her equity proceeds subject to further order of the court. Defendants claim that both the state and federal actions are based on *in personam*, not *in rem*, jurisdiction and thus neither court has assumed jurisdiction within the meaning of the Colorado River doctrine. The court agrees. *See Colorado River*, 424 U.S. at 819, 96 S.Ct. at 1247 ("the concern ... is with avoiding the generation of additional litigation through permitting inconsistent dispositions of property."); *see also Bergeron v. Estate of Loeb*, 777 F.2d 792, 799 (1st Cir.1985) (this factor "has no application to a case in a federal court based upon diversity of citizenship, wherein the plaintiff seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of a state court."), *cert. denied*, 475 U.S. 1109, 106 S.Ct. 1517, 89 L.Ed.2d 915 (1986).

The second factor, whether the federal forum is inconvenient to the parties, is neutral. Both the federal and state courts are within the Kansas City metropolitan area. Further, plaintiff filed the instant action and accordingly cannot strongly contest the convenience of the federal forum.

The third factor, the avoidance of piecemeal litigation, weighs strongly in favor of denying a stay of defendants' counterclaim. As noted above, the court believes that this is the most important factor because plaintiff seeks to stay only a portion of the instant action. *See supra* note 2. Plaintiff requests the court to separate the parties' dispute so that it can be tried in two different courts in front of two different juries. If the court grants plaintiff's motion, both the state and federal actions between the parties almost certainly will continue. The Colorado River doctrine is intended to avoid duplicative litigation and promote judicial efficiency. *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246. Judicial efficiency will not be promoted here if there are two trials to two different juries in two different courts. *See Schwarz v. Prudential–Bache Secs., Inc.*, No. 90–6074, 1991 WL 137157, at *1 (E.D.Pa. July 19, 1991) ("Indeed, to stay but a portion of plaintiff's claims while permitting the oth-er claims to go forward, would be to indulge in judicial inefficiency."). In analyzing whether a stay of defendants' counterclaim will further the interest of avoiding piecemeal litigation, the court looks at whether there is "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Lumen Constr., Inc. v. Brant Constr. Co., Inc.*, 780 F.2d 691, 695 (7th Cir.1986). Here, there is almost no chance that the state action will resolve plaintiff's claims, a major portion of the instant action. In these circumstances, a stay does not promote, and likely will be contrary to, the goal of avoiding piecemeal litigation.

The fourth factor, the order in which the courts obtained jurisdiction, weighs in favor of staying defendants' counterclaim. The state court acquired jurisdiction over defendants' counterclaim on April 3, 1996, almost six months prior to this court's acquisition of jurisdiction over the same claim. In *Moses H. Cone*, the Supreme Court noted that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." 460 U.S. at 21, 103 S.Ct. at 939–40. Here, the state court action is at a more advanced stage than the instant action. The state court has decided several motions relating to defendants' counterclaim and third-party claims, discovery is nearly complete, defendants have identified and submitted their expert report, and the case is set for trial on June 23, 1997. In contrast, defendants' counterclaim in the instant action was filed on September 25, 1996, and the case has been set for trial on September 8, 1997.

The fifth factor, which forum's substantive law governs the merits of the litigation, weighs in favor of staying defendants' counterclaim. Defendants' counterclaim is a legal malpractice claim based on Kansas law. Defendants do not contest that this claim raises a novel issue of state law—whether a corporation can state a claim for legal malpractice against an in-house attorney who worked with other private attorneys selected and hired by defendant.

The sixth factor, the adequacy of the state forum to protect the parties' rights, is neu-

**306**

tral. The parties do not contest that the state forum is adequate to resolve defendants' counterclaim.

Of the six factors, two weigh in favor of staying defendants' counterclaim, one weighs strongly against staying the counterclaim, while the remaining factors are neutral. Carefully weighing the above factors, the court finds that "exceptional circumstances" to stay defendants' counterclaim do not exist. The court does not believe that staying this action would promote the principles underlying the Colorado River doctrine, i.e. conservation of judicial resources and the comprehensive disposition of litigation. *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246. In fact, staying defendants' counterclaim may create additional unnecessary litigation. The court cannot find any exceptional circumstances to depart from "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.*

IT IS THEREFORE ORDERED that plaintiff's motion to dismiss or, in the alternative, stay defendants' counterclaim (Doc. # 29) is denied.