HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA,
Plaintiff,

v.

HEARTLAND HOME CARE,
INC., Defendant.

No. CIV.A. 03–2663–KHV.

United States District Court,
D. Kansas.

July 12, 2004.

Charles H. Dougherty, Jr., Gene A. Tabachnick, Reed, Smith, LLP, Pittsburg, PA, David D. Burkhead, Ted J. McDonald, III, McCormick, Adam & Long, P.A., Overland Park, KS, for Plaintiff.

Phillip L. Turner, Turner & Turner Law firm, Topeka, KS, for Defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Health Care and Retirement Corporation of America filed suit against Heartland Home Care, Inc., for trademark infringement, false designation of origin and trademark dilution under the Lanham Act, 15 U.S.C. § 1051 *et seq.* This matter is before the Court on defendant's *Renewed Motion To Dismiss* (Doc. # 13) filed April 8, 2004, which the Court construes as a motion to dismiss or stay under the *Colorado River* doctrine, *Colo. River Water Conserv. Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). For reasons stated below, defendant's motion is sustained in part.

### Factual Background

The following facts are undisputed:[1]

Health Care and Retirement Corporation of America ("HCRA") does business in Kansas as Heartland Home Health Care and Hospice. On October 2, 2003, in the District Court of Shawnee County, Kansas, Heartland Home Care, Inc. ("Heartland") filed suit against HCRA.[2] Heartland alleged that HCRA was soliciting business under Heartland's name in violation of Kansas law. On November 5, 2003, HCRA filed a motion to dismiss or for more definite statement in state court. *See* Exhibit C to defendant's *Memorandum In Support Of The Renewed Motion To Dismiss* (Doc. # 14). In that motion, HCRA asserted that it was the owner of the "Heartland" mark. The state court overruled the motion to dismiss, but granted the motion for more definite statement. On December 12, 2003, Heartland filed an amended petition in state court. *See* Exhibit D to defendant's *Memorandum In Support Of The Renewed Motion To Dismiss* (Doc. # 14). On January 2, 2004, HCRA filed an answer and counterclaim for trademark infringement. *See* Exhibit E to defendant's *Memorandum In Support Of The Renewed Motion To Dismiss* (Doc. # 14). In the counterclaim, HCRA again asserted that it was the owner of the "Heartland" mark.[3]

1. The facts are based almost exclusively on court documents filed in this Court and in the District Court of Shawnee County, Kansas. Plaintiff does not dispute that the documents are authentic, but it argues that defendant's motion to dismiss improperly cites evidence outside the pleadings and should be considered as a motion for summary judgment. A motion to dismiss or stay under the *Colorado River* doctrine does not specifically fall under any enumerated provision of Rule 12(b), Fed. R.Civ.P. Likewise, such a motion does not seek summary judgment on a claim and therefore is not governed by Rule 56, Fed. R.Civ.P. Even if the Court were required to pigeonhole the motion under Rule 56, plaintiff has not specifically disputed any of defendant's factual statements and the Court therefore treats them as undisputed under D. Kan. Rule 56.1.

2. The suit was actually filed against "Heartland Home Care, Inc.," but in its motion to dismiss the state action the defendant clarified that it does business in Kansas as Heartland Home Health Care and Hospice. *See* State Court Motion To Dismiss Or, In The Alternative, Motion For More Definite Statement at 1 n. 1, Exhibit C to defendant's *Memorandum In Support Of The Renewed Motion To Dismiss* (Doc. # 14). *But cf.* Letter From HCRA Counsel to Heartland Counsel Dated August 21, 2003 (HCRA does business as HCR Manor Care and Heartland Home Care), Exhibit 1 to *Complaint For Trademark Infringement And Unfair Competition* (Doc. # 1). HCRA argues that only its affiliate is a defendant in the state case. Although this may be true, HCRA has not identified the name of its affiliate and the two entities appear to share identical interests in relation to this trademark dispute. Through the same law firm, both HCRA and its affiliate have alleged that they own the "Heartland" federally registered trademark. For ease of reference, the Court therefore refers collectively to defendant in the state action (the HCRA affiliate) and plaintiff in this action (HCRA) as HCRA.

3. Discovery in the state case is scheduled to be completed by July 31, 2004 and trial is scheduled for December 13, 2004. *See* Case

On December 31, 2003, HCRA filed the instant action against Heartland for trademark infringement, false designation of origin and trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.* Heartland seeks dismissal of this action based on the previously-filed state court action.

### *Analysis*

Heartland argues that dismissal of this action is appropriate under the *Colorado River* doctrine. *See Colo. River Water Conserv. Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The *Colorado River* doctrine establishes certain factors for a district court to consider when deciding whether to dismiss or stay a federal suit that parallels a state court proceeding. *See Rienhardt v. Kelly,* 164 F.3d 1296, 1302 (10th Cir.1999). Assuming that deferral to the state court proceeding is appropriate, the Court ordinarily should not dismiss a case, but rather should enter a stay pending the outcome of the state case. *See Fox v. Maulding,* 16 F.3d 1079, 1083 (10th Cir.1994) ("*Fox I* "). In the event the state court proceedings do not resolve all federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without plaintiff having to file a new federal action. *Id.* Dismissal of a case under the *Colorado River* doctrine is rarely warranted. *See id.*[4] Because Heartland invokes the *Colorado River* doctrine, the Court construes its motion to dismiss as an alternative one for a stay of this case pending the outcome of the state action.

### I. Whether The Two Actions Are Parallel

Before applying the *Colorado River* factors, the Court must first determine "whether the state and federal proceedings are parallel." *Allen v. Bd. of Educ., Unified Sch. Dist. No. 436,* 68 F.3d 401, 402 (10th Cir.1995); *Fox I,* 16 F.3d at 1081. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Allen,* 68 F.3d at 402.

Here, the parties in the state and federal cases are substantially the same. Although HCRA is a party in this case and not in the state one, HCRA's "affiliate" is a party in the state case. Like HCRA, HCRA's affiliate alleges that it owns the federal trademark registration for the "Heartland" mark. *See* State Court Answer And Counterclaim To Plaintiff's Amended Petition at 4, attached as Exhibit E to defendant's *Memorandum In Support of The Renewed Motion To Dismiss* (Doc. # 14) (defendant owns registered mark); *see Complaint For Trademark Infringement And Unfair Competition* (Doc. # 1) ¶ 10 (HCRA owns registered mark). The same law firm represents HCRA in federal court and its affiliate in state court. Although HCRA argues that it technically is not a party in the state case, it has not alleged that its interests are different from those of its affiliate in the state case. Therefore, the absence of HCRA in the state action is immaterial. *See Caminiti & Iatarola, Ltd., v. Behnke Warehousing, Inc.,* 962 F.2d 698, 700–01 (7th Cir.1992) (suits involved substantially same parties where party in federal suit owned 25% of

---

Management Order, Exhibit F to defendant's *Memorandum In Support Of The Renewed Motion To Dismiss* (Doc. # 14).

4. Dismissal may be appropriate where the parties concede that their dispute will be fully

resolved in state court and they will not need to return to federal court after the state court action concludes. *See Joseph Stowers Painting v. A. Zahner Co.,* No. 99–2391, 2000 WL 210219, at *3 n. 3 (D.Kan. Feb.4, 2000).

corporate party in state suit); *Nakash v. Marciano,* 882 F.2d 1411, 1416–17 (9th Cir.1989) (absence in state action of all corporate entities owned and operated by parties is not dispositive); *Lumen Constr., Inc. v. Brant Constr. Co., Inc.,* 780 F.2d 691, 695 (7th Cir.1985) (where interests of parties in both suits are congruent, abstention may be appropriate notwithstanding fact that parties are not identical) (citation omitted); *Waddell & Reed Fin., Inc. v. Torchmark Corp.,* 180 F.Supp.2d 1235, 1239 (D.Kan.2001).

The two cases also involve substantially the same issues. Both cases question which entity has the right to use the "Heartland" mark in health care and retirement facility services in Kansas. The federal case includes trademark dilution and false designation of origin claims, but those claims arise from essentially the same facts as the claims asserted in the state case. Indeed, those claims consist almost exclusively of incorporated allegations of trademark infringement. *See Complaint For Trademark Infringement And Unfair Competition* (Doc. # 1) ¶ 42 (incorporates paragraphs 1–41); *id.* ¶ 46 (incorporates paragraphs 1–45). Given the substantial overlap of parties and issues in the state and federal cases, the Court finds that they are parallel actions for purposes of the *Colorado River* doctrine.

## II. *Colorado River* Factors

■ Except for certain limited exceptions, a federal court should exercise the jurisdiction it is granted. *See Rienhardt,* 164 F.3d at 1303. The *Colorado River* doctrine allows a federal court, however, to defer from exercising its jurisdiction in exceptional circumstances. *See Shadwick v. Butler Nat'l Corp.,* 950 F.Supp. 302, 304 (D.Kan.1996). To determine whether to dismiss or stay a federal court action based on a parallel state court case, the Court considers the following factors:

(1) whether either court has assumed jurisdiction over property;

(2) whether the federal forum is inconvenient;

(3) the avoidance of piecemeal litigation;

(4) the order in which the courts obtained jurisdiction and the progress of the two cases;

(5) which forum's substantive law governs the merits of the litigation; and

(6) the adequacy of the state forum to protect the rights of the parties.

*See Colorado River,* 424 U.S. at 819, 96 S.Ct. 1236; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 23, 26, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

■ The test is to be applied in a pragmatic, flexible manner. *See Shadwick,* 950 F.Supp. at 304. In applying the test, no one factor is determinative and the weight to be given any one factor may vary from case to case. *See Colorado River,* 424 U.S. at 818–19, 96 S.Ct. 1236. Any doubt in the application of the factors "should be resolved in favor of exercising federal jurisdiction." *Fox I,* 16 F.3d at 1082.

### A. Whether Either Court Has Assumed Jurisdiction Over Property

The court first assuming jurisdiction over property ordinarily may exercise that jurisdiction to the exclusion of other courts. *See Colorado River,* 424 U.S. at 818, 96 S.Ct. 1236. Here, the parties concede that this factor is neutral because neither court has assumed jurisdiction over property.

### B. Whether The Federal Forum Is Inconvenient

If the federal forum is less convenient than the state forum, this factor weighs in favor of staying or dismissing the case. *See Moses H. Cone,* 460 U.S. at 19, 103

S.Ct. 927; *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1193 (5th Cir.1988). Whether the federal forum is inconvenient depends on the "physical proximity of the federal forum to the evidence and witnesses." *Am. Bankers Ins. Co. v. First State Ins. Co.*, 891 F.2d 882, 885 (11th Cir.1990). Here, this factor is neutral. Heartland argues that this factor weighs in favor of dismissal because the parties and a number of witnesses are located in Topeka, Kansas—the site of the state case. Heartland and its witnesses can easily traverse the 60 miles from Topeka to Kansas City. Heartland has not shown that federal court is significantly less convenient than state court for the parties and witnesses.[5]

### C. The Avoidance Of Piecemeal Litigation

The *Colorado River* doctrine is based in part on the general judicial preference to resolve a dispute in a single proceeding and avoid duplicative or piecemeal litigation. *See Arizona v. San Carlos Apache Tribe of Ariz.*, 463 U.S. 545, 570, 103 S.Ct. 3201, 77 L.Ed.2d 837 (1983); *Rienhardt*, 164 F.3d at 1303. Duplicative and piecemeal litigation could be avoided by a stay of this case. The parties currently are litigating virtually identical trademark infringement claims in two courts. Inconsistent results are possible. Moreover, if the state court enters a judgment before one is entered in the federal case, the federal

action likely will be barred under res judicata principles.[6] Allowing both cases to proceed to a race to judgment would cause duplicative litigation and waste the resources of the parties and the Court. Judicial economy is best promoted by staying the instant action. *See Colorado River*, 424 U.S. at 818–19, 96 S.Ct. 1236.

### D. The Order In Which The Courts Obtained Jurisdiction

If a state court obtains jurisdiction of a case before a federal court obtains jurisdiction of a parallel case, this factor weighs in favor of staying the federal case. *See Colorado River*, 424 U.S. at 818, 96 S.Ct. 1236. The Supreme Court has emphasized, however, that priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions. *Moses H. Cone*, 460 U.S. at 21, 103 S.Ct. 927. The state action was filed some three months before the instant action. Moreover, discovery in the state case is nearly complete and the case is set for trial in December of 2004. This Court recently set its case for trial in March of 2005. Given that the state case was filed first and will be ready for trial three months earlier than this case, this factor favors a stay of the instant action. *See Colorado River*, 424 U.S. at 818, 96 S.Ct. 1236.

---

**5.** Citing a Supreme Court case from nearly 150 years ago, *Pease v. Peck*, 59 U.S. (18 How.) 595, 599, 15 L.Ed. 518 (1855), HCRA argues that this factor weighs heavily in its favor because federal courts are available to out-of-state litigants to avoid the appearance of partiality by state courts. The *Colorado River* doctrine does not address the inconvenience of the state forum, however, but rather the potential inconvenience of the federal forum. *See Fox I*, 16 F.3d at 1082. In any event, HCRA has not shown that Topeka, Kansas is less convenient for the parties and witnesses than Kansas City, Kansas.

**6.** The trademark dilution and false designation of origin claims which HCRA asserts in the federal case are not in the state case, but they are based on the same cause of action as the trademark infringement claim. *See infra* part II. F. Accordingly, these claims likely will be barred after final judgment is entered in the state case. *See Fox v. Maulding*, 112 F.3d 453, 459 (10th Cir.1997) (*"Fox II "*) (failure to assert RICO claim in prior state case barred assertion of claim in federal court under res judicata principles).

### E. Which Forum's Substantive Law Governs The Merits Of The Litigation

Federal law will govern the Lanham Act claims asserted in both actions. Accordingly, this factor slightly favors retaining the federal case. *See Nakash,* 882 F.2d at 1416 (if state and federal courts have concurrent jurisdiction over claim, this factor becomes less significant).

### F. The Adequacy Of The State Forum To Protect The Parties' Rights

The Supreme Court has noted:

When a district court decides to dismiss or stay under *Colorado River,* it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the *complete and prompt resolution* of the issues between the parties. If there is *any substantial doubt* as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.

*Moses H. Cone,* 460 U.S. at 28, 103 S.Ct. 927 (emphasis added). In other words, the Court may enter a stay under the *Colorado River* doctrine only if it has "full confidence" that the parallel state litigation will end the parties' dispute. *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 277, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988) (citing *Moses H. Cone,* 460 U.S. at 28, 103 S.Ct. 927).

HCRA asserts that the state forum is not an adequate vehicle to resolve the parties' dispute because it involves different parties and only a single claim of unfair competition against two local hospice facilities. As to its argument that the state case involves different parties, HCRA ignores the facts that (1) it either owns or is very closely affiliated with the two local hospice facilities (HCR Manor and Heartland Home Care) and (2) its affiliate (through the same counsel as HCRA) filed a state court counterclaim against Heartland which largely mirrors its trademark infringement claim in federal court. Based on the allegations of the state court counterclaim and the federal court complaint, it appears that HCRA and its affiliate are the same entity or HCRA does business in Kansas through its affiliate.[7] In either event, based on its affiliate's related claim in state court, principles of res judicata would appear to eventually bar HCRA's Lanham Act claims in this case. *See King v. Am. Family Ins. Co.,* 19 Kan.App.2d 620, 624, 874 P.2d 691, 695 (1994) (res judicata precludes relitigation of same cause of action between same parties or their privies). HCRA does not dispute that it would be bound by a judgment in state court against its affiliate.

HCRA argues that the state action involves only a single claim of unfair competition, but in fact the state action also involves HCRA's counterclaim for trademark infringement. The only additional claims in the federal action—for trademark dilution and false designation of origin—are based on facts nearly identical to facts on which the state court trademark infringement claim are based.[8] Although

---

**7.** *See* State Court Answer And Counterclaim To Plaintiff's Amended Petition at 4, attached as Exhibit E to defendant's *Memorandum In Support of The Renewed Motion To Dismiss* (Doc. # 14) (defendant owns registered mark); *see Complaint For Trademark Infringement And Unfair Competition* (Doc. # 1) ¶ 10 (HCRA owns registered mark); *see also* State Court Motion to Dismiss Or, In The Alternative, Motion For More Definite Statement at 1 n. 1, Exhibit C to defendant's *Memorandum*

*In Support Of The Renewed Motion To Dismiss* (Doc. # 14) (defendant does business in Kansas as Heartland Home Health Care and Hospice); Letter From HCRA Counsel to Heartland Counsel Dated August 21, 2003 (HCRA does business as HCR Manor Care and Heartland Home Care), Exhibit 1 to *Complaint For Trademark Infringement And Unfair Competition* (Doc. # 1).

**8.** As explained above, the HCRA trademark dilution and false designation of origin claims

HCRA has not directly addressed the issue, the two additional federal claims appear to be based on the cause of action asserted in state court. Assuming that the state court enters judgment first, the additional federal claims would likely be barred under the doctrine of res judicata. *See Shelton v. DeWitte,* 271 Kan. 831, 837, 26 P.3d 650, 654 (2001) (res judicata requires that all grounds or theories upon which cause of action is founded be asserted in one action or they will be barred in subsequent action); *Ellis v. State Farm Mut. Auto. Ins. Co.,* 249 Kan. 599, 603, 822 P.2d 35, 39 (1991) (res judicata requires that all the grounds or theories upon which a cause of action or claim is founded be asserted in one action or they will be barred in any subsequent action); *Carson v. Davidson,* 248 Kan. 543, 549, 808 P.2d 1377, 1382 (1991) (regardless of which statute party uses to proceed to tribunal, where same facts, same parties and same issues have previously been litigated before court of competent jurisdiction which renders judgment within its competency, cause of action is barred). HCRA has not shown that its claims for trademark dilution and false designation of origin could not have been joined with its trademark infringement counterclaim in state court. *See Fox II,* 112 F.3d at 459 (absent clear rule against joinder of federal claim, plaintiff must at least attempt to litigate federal claim in state court); *Crocog Co. v. Reeves,* 992 F.2d 267, 269–70 (10th Cir.1993) (same); *see also Aquatherm Indus., Inc. v. Fl. Power & Light Co.,* 84 F.3d 1388, 1394 (11th Cir.1996) (state and federal courts have concurrent jurisdiction over Lanham Act claims).

The Court finds that the state forum is an adequate vehicle to protect the parties' rights. Except for the application of prin-

ciples of res judicata, completion of the state case likely will eliminate the need for further substantive proceedings in federal court. *See Lumen Const., Inc. v. Brant Const. Co., Inc.,* 780 F.2d 691, 695–96 (7th Cir.1985); *see also Fox I,* 16 F.3d at 1083(contemplating that some additional proceedings in federal court may be necessary after state court enters judgment); *United States v. Rubenstein,* 971 F.2d 288, 294 (9th Cir.1992) (possibility of some federal proceedings to comply with state court judgment on substantive issues does not preclude *Colorado River* stay).

### III. Balancing Of Factors

Three of the above factors favor staying the case, two factors are neutral and one factor slightly favors retaining the case. After carefully considering each factor, the Court finds that exceptional circumstances justify a stay of the instant action. The principles underlying the *Colorado River* doctrine, *i.e.* conservation of judicial resources and the comprehensive disposition of litigation, are best promoted by staying the case.

As explained above, under the *Colorado River* doctrine, the Court ordinarily should not dismiss a case, but rather should enter a stay pending the outcome of the state case. *See Fox I,* 16 F.3d at 1083. In the event the state court proceedings do not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without the plaintiff having to file a new federal action. *Id.*

**IT IS THEREFORE ORDERED** that defendant's *Renewed Motion To Dismiss* (Doc. # 13) filed April 8, 2004 be and hereby is **SUSTAINED in part.** This case is stayed pending the outcome of the

---

consist almost exclusively of incorporated allegations of trademark infringement. *See Complaint For Trademark Infringement And*

*Unfair Competition* (Doc. # 1) ¶ 42 (incorporates paragraphs 1–41); *id.* ¶ 46 (incorporates paragraphs 1–45).

case of *Heartland Home Care, Inc. v. Heartland Home Care, Inc.*, No. 03CV1494 in the District Court of Shawnee County, Kansas. The parties shall file a notice of the state court judgment with this Court within 30 days after it is entered.

**IT IS FURTHER ORDERED** that plaintiff's *Motion For Summary Judgment* (Doc. # 6) filed February 13, 2004 be and hereby is **OVERRULED** without prejudice.