PAUL KELLY, Jr.,
Circuit Judge, dissenting.
I respectfully dissent because I do not believe the district court had jurisdiction to conduct a jury trial on the piercing the corporate veil claim when the object of liability under this theory (Mr. Filbrun) was no longer in the case. Given the fact that Mr. Filbrun was previously dismissed as a party, and that Mr. Mandeville obtained a monetary judgment against the corporation in the first trial, the court’s judgment to pierce the corporate veil in the second trial grants no effective relief to Mr. Mandeville. The federal courts have “no power to issue advisory opinions” or “decide questions that cannot affect the rights of litigants in the case before them.” North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). We have no jurisdiction to render an advisory opinion on the district corut’s advisory judgment about piercing the corporate veil. Accordingly, I would remand the case to the district court with instructions to vacate that portion of its judgment pertaining to that claim.
Though the district court’s final judgment against Quinstar recites that judgment is entered in favor of Mr. Mandeville and against Quinstar “on the claim of ‘piercing the corporate veil’ ” this portion of the judgment cannot impose liability upon Mr. Filbrun and it certainly does not run against the corporation. Early on, Mr. Filbrun obtained summary judgment from the district court on the issue of his personal liability (albeit on procedural grounds). Though the district court considered bringing him back into the lawsuit, it never did. Indeed, at the beginning of the second trial, the district court emphasized to counsel:
I’ve taken Mr. Filbrun out of this case. I’m glad he’s here and he should be here to represent the corporation, but he’s not a party here so you don’t need to worry yourself about that. He’s no longer a party in this case.
Aplt. Supp.App. at 3. Mr. Mandeville did not cross-appeal from the district court’s grant of summary judgment in favor of Mr. Filbrun on the issue of personal liability. Courts have taken a dim view of imposing liability where the individual or entity that will be forced to assume the obligations of the corporation has not been a party to the proceedings. See Nelson v. Adams USA, Inc., 529 U.S. 460, 471, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110-111, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969).
Nor may liability be imposed upon Mr. Filbrun based solely upon his participation in the defense of Quinstar, there also would have to be a finding, with Mr. Filbrun as a party, that the corporate nature of Quinstar should be disregarded. See Nelson, 529 U.S. at 470-71, 120 S.Ct. 1579 (fact that president and shareholder of corporation controlled the litigation would be insufficient without some finding that corporate form should be disregarded); Eagle Transp. Ltd., Inc. v. O’Connor, 470 F.Supp. 731, 733 (S.D.N.Y.1979). Thus, in Alman v. Danin, 801 F.2d 1, 3-5 (1st Cir.1986), the court imposed liability on the individual defendants for a prior judgment against the corporation only after a suit against the individuals based upon their disregard of the corporate form and a determination that such liability comported with due process given that they had controlled the earlier corporate defense. Were the rule otherwise, personal liability would inure to shareholders of *201 closely held corporations whenever they controlled litigation, regardless of whether corporate formalities had been followed. That is not the law.
In its order granting summary judgment as to Mr. Filbrun’s non-liability, the district court effectively held that such a remedy was unavailable against Mr. Filbrun. Principles of res judicata and the prohibition against claim splitting would preclude Mr. Mandeville from seeking to enforce the judgment against Mr. Filbrun upon a theory of piercing the corporate veil and control of Quinstar’s defense. See King v. Am. Family Ins. Co., 19 Kan.App.2d 620, 874 P.2d 691, 693-94 (1994) (discussing prohibition against claim splitting). At a minimum, Mr. Mandeville cannot repair to state court and relitigate the piercing claim against Mr. Filbrun after having lost it in federal court.
It is axiomatic that piercing the corporate veil involves imposing liability on an individual by disregarding the corporate form. United States v. Van Diviner, 822 F.2d 960, 964-65 (10th Cir.1987); Sampson v. Hunt, 233 Kan. 572, 665 P.2d 743, 751-52 (1983). Given that Mr. Filbrun was an essential party to the piercing claim, the court was in error to proceed without him. See U.S. Cellular Inv. Co. of Okla. City, Inc. v. Southwestern Bell, 124 F.3d 180, 182 (10th Cir.1997) (“We must protect the interests of an absent necessary party, and have a duty to ensure that the best possible parties litigate this suit.”).
Additionally, given that Mr. Filbrun was not a party to the second trial, and given that a prior judgment had already been entered against the corporation, no live case or controversy existed between the parties before the court. Quinstar has never explained how it might be adversely affected by a decision holding Mr. Filbrun liable. Like Judge O’Brien, I am at a loss to know how it would be possible for Mr. Mandeville to initiate collateral proceedings and transform his piercing judgment against Quinstar into one against Mr. Filbrun. Regardless, speculation about Mr. Mandeville’s potential use of the piercing judgment in a future action against Mr. Filbrun does not create a proper case or controversy between the parties before us. See Gonzales v. Gorsuch, 688 F.2d 1263, 1267 (9th Cir.1982) (noting that where the wrong parties are before the court, the court is unable to effectively redress the plaintiff’s injury). Clearly, the court’s piercing judgment against Quinstar did not and could not afford any effective relief on this theory to Mr. Mandeville in this case, and neither can we.